Case 4:24-cv-04680   Document 18   Filed on 03/25/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
March 25, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEGAN N. SIRCY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-4680 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant United States of America's Motion to Transfer Venue (Document No. 13). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This case arises out of domestic abuse and sexual violence that occurred between a civilian and enlisted military member at and near Fort Campbell, Kentucky. Plaintiff Megan N. Sircy ("Sircy") alleges she was the victim of repeated emotional, physical, and sexual abuse at the hand of her spouse, U.S. Army Specialist Danielle Plat ("SPC Plat"). In 2021, Sircy made several reports to SPC Plat's chain of command regarding unwanted sexual acts and related domestic abuse that occurred in the Fort Campbell barracks. Sircy alleges the Army disregarded her outcries and chose not to intervene, further enabling SPC Platt to continue to abuse

Sircy in a series of escalating events which culminated in physical, sexual, and emotional injuries.

Based on the foregoing, on November 26, 2024, Sircy brought this action in this Court pursuant to federal question jurisdiction, asserting a single claim for negligence by the United States Army. On March 3, 2025, Defendant United States of America ("the United States") moved to transfer venue to the Western District of Kentucky.

## II. LAW & ANALYSIS

The United States contends venue should be transferred because: (1) all alleged events occurred in or near Fort Campbell, Kentucky; (2) all relevant individuals serving as witnesses are in or near Fort Campbell, Kentucky; (3) the Western District of Kentucky is more likely to have expertise in the Kentucky law that must be applied; and (4) there is no localized interest specific to Texas. Sircy contends that: (1) the United States has not shown that transfer to the Western District of Kentucky is more convenient; and (2) the Plaintiff's choice of forum should be given appropriate deference.

A district court may transfer venue pursuant to § 1404(a) for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). The threshold inquiry under § 1404 is whether the case might have originally been brought in the transferee court. *See id.*; *In re Volkswagen AG*, 371 F.3d 201, 203 (5th

2

Cir. 2004). Second, this Court must ascertain whether transfer is for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a); *In re Volkswagen*, 371 F.3d at 203. The Court addresses each part in turn.

First, the Court must determine if this case might have originally been brought in the transferee court. The United States contends this suit could have been brought in the Western District of Kentucky because all events in this case occurred in or within a short distance of Fort Campbell, and all relevant non-party witnesses are likely to be in or near Kentucky. An independent review of Sircy's complaints shows that all factual allegations made by Sircy originate from Fort Campbell, Kentucky or the nearby town of Clarksville, Tennessee a few miles away. Considering Congresses' clear guidance that venue may be established in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,"[1] the Court finds this action could have originally been brought in the transferee court.

Next, whether transfer is in the interest of justice and for the convenience of parties and witnesses depends on private and public interest factors, none of which is given dispositive weight. *In re Volkswagen AG*, 371 F.3d at 201, 203 (5th Cir. 2004). These factors are not exhaustive, exclusive, and no factor is dispositive on

---

[1] 28 U.S.C. § 1391(b)(2).

3

the issue of transfer. *Gapp v. Linde Gas N. Am., LLC*, No. H-10-4642, 2011 WL 1770837, at *2 (S.D. Tex. May 9, 2011) (Atlas, J.) (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). The party seeking transfer must demonstrate the transferee court is more convenient and serves justice. *In re Radmax*, 720 F. 3d 285, 288 (5th Cir. 2013) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc)).

Courts consider the following private interest factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). With respect to the private factors, the United States contends these factors weigh in favor of transfer. The United States further contends that non-party witnesses are most likely to be located at or near Fort Campbell, Kentucky, where all of the factual allegations occurred. Sircy contends that the United States cannot prove that witnesses including military members, local police officers, and medical staff are still located in Kentucky, and further contend that there is a possibility that each of the witnesses could have moved in the three years since the alleged incidents occurred. On balance though, the Court notes that no incidents occurred in and no witnesses other than the Plaintiff are located in Texas, pointing

to a greater likelihood of the witnesses and evidence being found in Kentucky. Additionally, a trial in this matter in this District would require those potential witnesses to travel more than 700 miles, versus attending a trial in the Western District of Kentucky, where travel would be more convenient.

The public interest factors encompass (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems in conflict of laws or in the application of foreign law. *Id.* Additionally, a court may also consider "judicial economy, that is, whether a transfer would avoid duplicative litigation and prevent waste of time and money," when evaluating the public interest factors. *ExpressJet Airlines, Inc. v. RBC Capital Markets Corp.*, Civil Action No. H-09-992, 2009 WL 2244468, at *7 (S.D. Tex. July 27, 2009) (Miller, J.) (quoting *Nature Coast Collections, Inc. v. Consortium Serv. Mgmt. Group, Inc.*, Civil Action No. C-06-273, 2006 WL 3741930, at *6 (S.D. Tex., Dec. 18, 2006) (Graham, J.)).

While many of the public interest factors are neutral in this case, the United States contends that the Western District of Kentucky has a significantly greater localized interest in this case than the Southern District of Texas, evidenced by the fact that the military base, records, relevant individuals, and underlying events all occurred in Kentucky. Additionally, the parties agree that Kentucky law will apply

in the present matter pointing to the notion that a federal court in Kentucky would have a greater familiarity with the governing law of this dispute.

Sircy's sole remaining contention in opposition of transfer is the notion that a plaintiff's choice of forum should be given appropriate deference. However, Sircy concedes in her briefing to the Court that "deference decreases if ... the operative facts did not occur in this forum."[2] There is no dispute amongst the parties that every operative fact underlying this case occurred outside of the Southern District of Texas, and the Fifth Circuit has made abundantly clear that that "the plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003). Thus, considering that the case could have been brought in the Western District of Kentucky originally, and all factors for convenience either weigh in favor of transfer or are neutral in this case, the Court finds that the motion to transfer venue should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant United States of America's Motion to Transfer Venue (Document No. 13) is **GRANTED**. The Court further

---

[2] *Plaintiff's Response to Defendant's Motion to Transfer Venue*, Document No. 17 at 7.

**ORDERS** that this case is **TRANSFERRED** to the United States District Court for the Western District of Kentucky. The Court further

**NOTES** for the parties that pursuant to United States District Court for the Southern District of Texas General Order No. 2024-2, an order that transfers a civil case to a district court outside the Fifth Circuit is stayed for 21 days from the date the order is entered on the docket.

SIGNED at Houston, Texas, on this **25** day of March, 2025.

*David Hittner*
DAVID HITTNER
United States District Judge